UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE C. CORNWALL-CARRION,

        Plaintiff,

vs.                                    Case No.   2:06-cv-346-FtM-29SPC

MICHAEL J. ASTRUE, Commissioner of
Social Security,

        Defendant.
_____

## OPINION AND ORDER

This matter is before the Court on consideration of Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. #14), filed on May 14, 2007, recommending that the Commissioner's decision to deny social security disability benefits be affirmed.  Plaintiff filed Objections (Doc. #15) on May 29, 2007, and the Commissioner filed a Notice (Doc. #16) on June 13, 2007, stating that no reply to the objections would be filed.

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and based upon proper legal standards.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004).  Substantial evidence is more than a scintilla but less than a preponderance, and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Moore v. Barnhart, 405 F.3d 1206, 1211 (11th Cir. 2005); Crawford, 363 F.3d at 1158.  Even if the evidence preponderates against the

Commissioner's findings, the Court must affirm if the decision reached is supported by substantial evidence. Crawford, 363 F.3d at 1158-59. The Court does not decide facts anew, make credibility judgments, reweigh the evidence, or substitute its judgment for that of the Commissioner. Moore, 405 F.3d at 1211; Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). The magistrate judge, district judge and appellate judges all apply the same legal standards to the review of the Commissioner's decision. Dyer, 395 F.3d at 1210; Shinn v. Comm'r of Soc. Sec., 391 F.3d 1276, 1282 (11th Cir. 2004); Phillips v. Barnhart, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Plaintiff argues that the ALJ and the magistrate judge erred in the following ways:

(1) Plaintiff asserts that while the ALJ and the magistrate judge both stated that plaintiff's obesity was considered individually as well as in combination with her other impairments, both judicial officers essentially lied because the obesity was not considered individually. The record supports the finding that the ALJ did in fact consider plaintiff's obesity individually. The ALJ accurately summarized plaintiff's medical records, including references to her weight, weight gain, obesity and morbid obesity. (Tr. 21, 22, 23.) Additionally, the ALJ found that the medical evidence established that plaintiff suffered from obesity, as well as other impairments. (Tr. 23.) The ALJ further stated that he considered the obesity individually as well as in combination with

the other impairments, and found that plaintiff did not satisfy any of the Listings.  (Tr. 23.)  Similar language has been found sufficient to establish that the ALJ complied with his or her obligation to consider the impairments in combination, Reeves v. Bowen, 841 F.2d 383, 385 (11th Cir. 1988); Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986), and there is no reason why such language is not sufficient to establish that the ALJ considered the impairment individually.  The Court finds that the ALJ's statement is sufficient to establish that the ALJ did just what he said, particularly since there is no suggestion in the administrative record to the contrary.  Plaintiff's disagreement with the ALJ's determination with respect to obesity is not a basis to find that the ALJ did not consider it individually.  For these reasons, the magistrate judge was correct in her findings on review of the ALJ's decision, and the Court overrules this objection.

(2) Plaintiff argues that the ALJ and the magistrate judge gave too much weight to one of her examining physicians, Dr. Bonnette.  The Court finds that both Dr. Bonnette's report and the record as a whole does not, as plaintiff suggests, "call into question both the consistency and accuracy" (Doc. #15, p. 4) of his opinion.  Accordingly, neither the ALJ nor the magistrate judge erred in their respective evaluations, and the Court overrules this objection.

As to Dr. Curcione's examination, the magistrate judge correctly stated that given the disability application date it was

plaintiff's burden to provide Dr. Curcione's report, not the ALJ's. The magistrate judge's statement that "In his decision, the ALJ noted Dr. Curcione reported no examination findings or restrictions (Tr. 22, 25)" is accurate, and the ALJ's statement is supported in the record by Dr. Curcione's one-page office note (Tr. 303). The record also supports the magistrate judge's statement that Dr. Curcione's office notes pertained to his one and only examination of plaintiff, which was without any diagnostic or medical tests supporting his diagnosis. The ALJ properly evaluated Dr. Curcione's conclusory opinion and the medical evidence in the record. Accordingly, the Court overrules this objection.

Plaintiff also disagrees with the ALJ's (and the magistrate judge's) evaluation of the severity of her pain. The ALJ did not fully credit plaintiff's subjective complaints because of plaintiff's description of her daily activities. (Tr. 25.) The record supports the ALJ's use of plaintiff's daily activities to discount her subjective complaints. (Tr. 96-97, 343.) Accordingly, the Court overrules this objection.

(3) Plaintiff argues that the ALJ failed in his duty to fully develop the record because he should have assisted counsel in obtaining a "knee sheet" referred to by Dr. Curcione. Nothing in the record indicates counsel ever asked the ALJ for such assistance. Counsel's correspondence with the Appeals Council specifically refers to Dr. Curcione's examination, mentions the knee sheet, but does not ask for help in obtaining a copy of it.

(Tr. 11-12, 13.)  Accordingly, the Court overrules this objection.

Accordingly, it is now

**ORDERED:**

1.  The Report and Recommendation (Doc. #14) is **accepted and adopted** by the Court.

2.  The Decision of the Commissioner of Social Security is **affirmed.**

3.  The Clerk of the Court shall enter judgment accordingly and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of June, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record